## EATON & al. vs. BROWN, Administrator.

The statute of 1821, *ch.* 51, *sec.* 28, which requires an administrator to *settle* his account of administration within six months after the commissioners on an insolvent estate have reported a list of claims, is satisfied if he *exhibits* his account within that time, and presents himself to verify and support it.

The penal consequences of that part of the statute do not attach, where an account, settled after six months, is composed of new items in favor of the estate, which have subsequently come to the knowledge of the administrator, without any want of diligence on his part, or which have arisen from the unexpected collection of a debt which had previously been deemed of no value.

THIS was an action of *assumpsit* on a promissory note made by the defendant's intestate.   The defendant pleaded in bar, first, that an inventory of the estate was duly returned *January* 13, 1824 ; that in *December* following the estate was represented insolvent, and commissioners appointed, who returned a list of claims by them allowed, including the plaintiffs' demand, on the fourteenth day of *June*, 1825.   To this the plaintiffs replied that the defendant neglected to exhibit and settle his account of administration within six months after the return of the list of claims, and that no further time for that purpose was allowed by the Judge of Probate, under his hand and seal.   The defendant rejoined that he presented his first account of administration *April* 5, 1825, for allowance, which, after due notice, was allowed and settled at a Probate court held on the second Tuesday of *May*, 1825 ;—that his second account was presented on the first Tuesday of *December*, 1825, on which notice was ordered, returnable in *February* following ; and which, after being continued by the Judge for sufficient causes, was allowed by him on the first Tuesday of *March*, 1826 ;—that his third account was presented *July* 3, 1827, and after notice and continuance as before, was settled and allowed by the Judge on the second Tuesday of *January*, 1828 ;—that his fourth account was presented *May* 6, 1828, and after due notice, was allowed *June* 17, 1828 ; on which last mentioned day a final distribution of the assets was decreed, amounting to twenty-one cents on the dollar.   Hereupon the plaintiffs filed a general demurrer, which was joined.

The defendant pleaded secondly the statute limitation of four years, in bar of actions against administrators;—to which the plaintiffs replied the insolvency of the estate, and appointment of commissioners, as before pleaded by the defendant; and that they filed their claim with the commissioners, *Nov.* 10, 1824, which had been by them allowed. To this replication the defendant filed a general demurrer, which was joined.

In order to bring all the facts before the court, the parties exhibited copies of the inventory of the estate, and of the accounts of administration; from which it appeared that the real estate was appraised at $783,00, the personal estate at $322,14, and that the debts apparently due to the intestate, of which a schedule was annexed to the inventory, amounted to $956,96;—that in his first account the administrator had charged himself with all the personal estate, including all the securities on the schedule, and had been allowed divers expenses and payments;—that in his second account he was charged with the balance of the first, and with divers goods, rents and monies received, some of which were not inventoried and was allowed divers sums, including $817,88 " on notes improperly inventoried;" leaving a balance of about sixteen dollars in favor of the administrator;—that in his third account he was charged with further sums of money and rents received, income of the homestead, and goods not inventoried; and with an error of $90,60, made in the computation of his first account; and was allowed for divers monies paid and expended;—and that in his fourth account he was charged with the balance of his last account, and with other monies received, including the amount of sales of real estate; leaving, after all allowances, a balance of $287,90 to be distributed.

*R. Williams* and *Wells,* for the plaintiffs, to show that the second plea was clearly bad, in not stating how the administrator gave notice of his appointment; and that the allowance of the claim by the commissioners was equivalent to the judgment of a court of record; cited *Steward v. Valentine,* 6 *Pick.* 276; *White v. Swain,* 3 *Pick.* 365.

And they contended that the account, which the statute required the administrator to settle within six months after the return of the

list of claims allowed by the commissioners, was his final account of administration, on which a decree of distribution could be founded; for neglect of which he was liable to this action. *Stat.* 1821, *ch.* 51, *sec.* 28; *Hunt v. Whitney,* 4 *Mass.* 623; *Coney v. Williams,* 9 *Mass.* 114; *Ring v. Burton,* 5 *Greenl.* 49; *Foster v. Abbot,* 1 *Mass.* 233; *Pierce v. Whittemore,* 8 *Mass.* 282.

*Allen* and *Boutelle,* for the defendant, argued that the 28th section of the statute ought to be construed strictly, because of its penal character; and that to render the administrator liable in this suit, the acts proved against him should amount to waste. But here he appears to have done all in his own power; and therefore he ought not to be chargeable with the delay occasioned while the proceedings were pending in the Court of Probate.

As to the second plea, they insisted that it was good, because the statute contained no exception which embraced this case. It only provides that in certain events the insolvency of the estate shall not be pleaded in bar; but not that the bar created by the lapse of four years shall not, in all cases, be peremptory. The exception, which gives the creditor a right to sue at law, arises where his claim has been rejected by the commissioners; and not where it has been allowed.

WESTON J. delivered the opinion of the Court.

The second plea in bar is founded upon the limitation of four years, provided by law in favor of executors and administrators, who have given public notice of their appointment in the manner directed; relieving them from being held to answer to suits, which shall not have been commenced against them within that period. *Stat* 1821, *ch.* 52, *sec.* 26. That section however provides that where an estate is represented insolvent, filing a claim with the commissioners shall be esteemed equivalent to originating a suit against an executor or administrator within the meaning of the act. And the replication, containing averments to this effect, answers and avoids the bar, which is therefore adjudged bad.

What account, an executor or administrator must, at his peril, exhibit and settle, where an estate is represented insolvent, within

Eaton *v.* Brown.

six months after the commissioners have reported to the Judge a list of claims, or within such further time as he shall think proper under his hand and seal to allow, was settled in the case of *Butler v. Ricker,* 6 *Greenl.* 268. It was there held to extend to the goods and chattels, rights and credits of the deceased, which fall within the proper and ordinary power and duty of an executor or adminis-trator. Or in other words, that it is limited to the personal estate. By the replication to the first plea in bar, it appears that at least two accounts were exhibited and settled by the defendant, after the lapse of more than six months from the time a list of claims was reported to the Judge by the commissioners; and it is not averred that the Judge had enlarged the time under his hand and seal. What the character of these accounts was, or what items they embraced, does not appear in the pleadings. In order however that we might apply to this case the principles settled in the case before cited, the parties have submitted to the inspection of the court copies of the accounts, four in number, referred to in the replication to the first plea, together with a copy of the inventory of the estate.

By the first account, which was exhibited and settled before the report of the commissioners, the defendant charged himself with the whole personal estate, and had an allowance for certain services, payments and disbursements. Had the inventory contained a true and full account of all the personal estate, and the administrator had been satisfied to have abided by that settlement, it must have been regarded as a seasonable fulfilment of the duty under consideration. The Judge thereupon, comparing the list of claims with the balance in the defendant's hands, might have ordered it to be divided among the creditors. But according to the usual course of proceedings, the charge, made by the administrator against himself of the whole personal estate, was subject to be revised and modified according to the true value of the goods and chattels appraised; and as the cred-its might or might not prove to be available. Accordingly in his second account, the defendant charged to the estate the greater part in number and value of the demands inventoried; either be-cause they did not prove to be due, or were found of no value. There is an error in addition in this account; by which a balance appeared to be due to the defendant, when in fact there was a bal-ance against him. This account however, as it stood, was allowed by

4

the Judge; and if it contained a true exhibit of the items for which the defendant was accountable, and was not out of season, there having been no appeal from its allowance, he could not be held liable to the penalty of the law, upon which the plaintiff claims to charge him, for an error in computation, which escaped the notice of the Judge, and was subsequently corrected.

That account was exhibited within the six months, but was continued from time to time, and was finally allowed by the Judge, three months after it was presented for allowance. The statute subjects the administrator to the penal consequences therein provided, unless he exhibits and settles his administration account within the six months. It is a very severe penalty imposed for the neglect of his duty; and ought not, upon a just construction, to attach to any omission or delay, not imputable to him. It ought to be deemed sufficient, if he seasonably exhibits his accounts, and presents himself to verify and support them. And if that account, together with the preceding, had contained the whole personal estate, we are not satisfied that the defendant could have been held liable in this action. It was his duty to cause the whole estate to be inventoried, and to administer and settle an account of all the personal estate, inventoried or not inventoried, which might come to his knowledge. That he neglected to do so, within the time limited, is apparent from his third account, which was not exhibited and settled, until more than two years had elapsed from the report of the commissioners, in which he charges himself with items of personal estate to a considerable amount, not before noticed. Upon these facts, the rejoinder to the replication to the second plea must be adjudged bad as it stands; unless permission should be given to amend the pleadings. If it could be made to appear that the new items in favor of the estate had not, within the time limited, come to the knowledge of the defendant, without any want of diligence on his part, or had arisen in part from the casual and unexpected collection of a demand, which in the preceding account had been deemed of no value, the defendant would not in our opinion be held liable under the statute. If the defendant can prove averments to this effect, he may amend his rejoinder on payment of costs; otherwise judgment must be rendered for the plaintiff.