No. 34.—GEORGE W. CRAWFORD, Gov. &c. for the use, &c. plaintiff in error, *vs.* THOMAS ANDREWS and others, defendants.

[1.] In an action of debt against the Sheriff, on his official bond, for an escape on *mense process,* the insolvency of the original debtor may be given in evidence by the defendant in mitigation of damages; the injury actually sustained by the plaintiff, and not the specific amount of his debt, being the measure of damages.

[2.] The opinion of a witness may be given in evidence as to the insolvency of a party, provided it is accompanied by the facts upon which the opinion is founded.

Debt on official bond, in Crawford Superior Court. Tried before Judge SCARBOROUGH, August Term, 1848.

This was an action of debt on the official bond of Thomas Andrews, as Sheriff of Crawford County.

The breach alleged was, that Enos R. Flewellen, the usee of the plaintiff, had taken out a *bail process* against one Thomas Cochran, under which Cochran was arrested by the said Andrews, as Sheriff; that Cochran gave bail, who subsequently surrendered him to the Sheriff, who "suffered and permitted the said Cochran to escape and go at large;" that Flewellen had obtained judgment against Cochran, and a *fi. fa.* had issued and been returned "*nulla bona,*" and a *ca. sa.* on which said Sheriff had returned "*non est inventus.*"

Upon the trial, at August Term, 1848, before Judge *Scarborough,* the defendants offered to prove the insolvency of said Cochran, which testimony was objected to by counsel for plaintiff—

Crawford *vs.* Andrews and others.

1. Because in an action upon the Sheriff's bond, for a failure to perform his duty, he could not excuse such non-performance of duty, by showing the insolvency of the party. The debt, and not the ability to pay, is the measure of damages in such a case.

2. A *fi. fa.* having been given in evidence against said Cochran, with a return, properly indorsed, of "*nulla bona*," the evidence of witnesses as to their opinions and belief of said Cochran's solvency should not be admitted.

Which objections were overruled by the Court and the testimony admitted. To which decision plaintiff excepted.

The Court charged the Jury, " if they should believe, from the evidence, that Cochran was wholly insolvent, they were to find only nominal damages for the plaintiff; but if, on the contrary, they believed he was able to pay the full amount of the execution, then they should find that for the plaintiff, or such sum as they believed, from the testimony, Cochran was able to pay, and no more, for that was the extent of the plaintiff's loss, and must be the measure of his damages."

To which charge of the Court the plaintiff excepted; and upon these several exceptions error has been assigned.

Poe & Nisbet and Saml. Hall, for plaintiff in error.

G. R. Hunter and G. J. Green, for defendants.

Summary of brief of Samuel Hall, for plaintiff in error.

1st. The Sheriff is a judicial and not a ministerial officer. The defence here set up would make him a judicial officer. 8 *Bac. Abr. tit. Sheriff*, (*M.*) 2 *Scott vs. Shaw*, 13 *J. R.* 378. 15 *Wend.* 377. 1 *Ib.* 16.

2d. It is only on *actions on the case* for an escape that the damages are left discretionary with the Jury. 1 *J. R.* 215. 1 *Wend.* 115. *Bonafous vs. Walker*, 2 *Term*, 126.

3d. That even in actions on the case, where the escape, charged is voluntary, the Jury must give the amount of the debt, unless the Sheriff will first make oath, in writing, that the escape was against his will. 8 *and* 9 *Wm. III. ch.* 27. *Schley's Dig.* 297.

4th. But in actions of debt for escape, the Jury must give the whole amount proven to be due, or nothing. This being the con-

struction placed by the English Courts upon 13 *Ed. I. Westm.* 2, and 1 *Rich. II. ch.* 12. *Schley,* 129. *Bonafous vs. Walker,* 2 *Term,* 126. *Wolverton vs. the Commonwealth,* 7 *S. & R.* 263. *Prince,* 431. 1 *Kelly,* 543. 15 *Mass.* 87. 14 *Pick.* 171.

5th. The Sheriff and his sureties in this action stand in the place of bail, and bail cannot give in evidence the circumstances of their principal to avoid liability on their part.

6th. This defence seeks to put the Sheriff in the defendant's place, and the defendant, under the circumstances of this case, could not have availed himself of the benefit of the Insolvent Laws.

7th. That it is impossible to substitute the Sheriff for the debtor, inasmuch as the benefit of the Insolvent Laws is a strictly personal right, which the law does not, and the debtor cannot, delegate to any other person. 2 *Co. Lit.* 267, 280. *Prince,* 286, 293.

8th. The opinion of the witness as to the insolvency of the defendant was inadmissible. *Chit. on Cont.* 81. *Doe ex dem. Gatehouse vs. Reese,* 4 *Bingham's N. C.* 384. *Shears vs. Rogers,* 23 *Eng. Com. Law R.* 99. *De Taste vs. La Tavernier,* 1 *Keen,* 161. *Kolb vs. Whitely,* 3 *Gill & J.* 188. 2 *Hill & Cowen's Notes to Phil. on Ev.* 586, *note* 445. 1 *Ph. on Ev.* 290, *note* 529. 2 *Ib.* 759. *Robertson vs. Beavers,* 3 *Porter's Rep.* 385.

HUNTER, for defendants, submitted a brief, contending—

1st. That if an action lies in this case at all, that case was the proper remedy, it being brought to recover for an escape on mesne and not on final process. *Neal vs. Haygood, admr. of Hendon,* 1 *Kelly,* 514. That debt is the proper remedy only for an escape on execution or final process. See 7 *J. R.* 164. 5 *Ib.* 89. After a voluntary escape under a writ of execution, Sheriff cannot retake the debtor; but if he were in custody upon *mesne* process, the Sheriff may retake him at any time before the return of the writ, and if the debtor is forthcoming, ready to answer to a *ca. sa.* if plaintiff thinks proper to charge him in execution, that is a good defence for the Sheriff when sued for an escape on *mesne* process. *Archib'ld Pr.* 84, '5. 10 *J. R.* 562. *Allen on Sheriffs,* 237. 6 *Cowen,* 732. 3 *Bacon,* 404.

2d. The Sheriff having the privilege, by law, of permitting his prisoner on *mesne* process to go at large, he has not been guilty

Crawford *vs.* Andrews and others.

of any malfeasance or nonfeasance, for which he or his securities can be made liable in this action.  To have made the Sheriff liable, plaintiff should have issued *ca. sa.* upon the final judgment as soon as the law would permit it to be done, and if the Sheriff failed to produce the body of Cochran, he and his securities would be liable.

3d:  The Court below did not err in receiving evidence on the trial to show the insolvency of Cochran.  *Van Slyck vs. Hogeboom,* 6 *J. R.* 270.  7 *J. R.* 188.  2 *Term R.* 126.  17 *Wendell R.* 543.  *Allen on Sheriffs,* 227.  8 *Bacon Ab. new ed.* 721, '2.  6 *Pickering, Brooks vs. Hoyt,* 468.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The very able brief of the learned Counsel for the plaintiff in error, has presented fairly, and discussed fully, the only two questions which arise on the record:

1st.  Whether any testimony of Cochran's insolvency should have been received.

2ndly.  Admitting the insolvency of the party to be a good defence, was it admissible to establish it by such testimony as was adduced on the trial?

It will be my aim to sustain the affirmative of both these propositions.

[1.]  This action is brought against the Sheriff for an escape on *mesne* process.  Now, we hold the law to be incontrovertibly settled, that for an escape on *mesne process,* no action lies unless some damage has been sustained, and that the plaintiff is only entitled to recover such damages as he can show he has sustained. If he has lost the whole debt, the Jury must give him damages to that extent, together with what he has lost in costs; if he can still recover his debt, the damages may be diminished accordingly.  *Scott vs. Harley,* 1 *M. & Rob.* 227.  *Morris vs. Robinson,* 3 *B. & C.* 206.  *Bonafous vs. Walker,* 2 *T. R.* 126.  *Gabel vs. Perchard,* 2 *Hust.* 532.  For an escape on *mesne* process, (says *Allen on Sheriffs,* 227,) the only civil remedy against the Sheriff is by an action on the case; the plaintiff can recover damages only for what he has lost by the escape; and the Jury may find such damages as they think the plaintiff has sustained, under all the circumstances.  7 *Johns. Rep.* 189.  This action on the case

is given to the plaintiff by way of indemnity for the actual injury which he sustains by reason of the escape. The Jury are not confined to the exact damage in the final judgment, or to the amount of the plaintiff's demand, but have a power and discretion to assess such damages as they shall suppose the plaintiff has sustained, under all the circumstances of the case. 5 *T. R.* 40. 2 *Wils. Rep.* 295. 6 *Johns. R.* 270. 2 *Mass. Rep.* 526. Thus the *insolvency* of the prisoner, or the payment of the demand by him, can always be given in evidence in mitigation of damages. And where the Jury in such case gave nominal damages only, the Court refused to set aside the verdict. 7 *Johns. Rep.* 189. And it would seem that in an action on the case against the Sheriff, even for a voluntary escape, the measure of damages is the actual loss or injury sustained by the plaintiff. 17 *Wend. Rep.* 543.

But the doctrine goes farther; and in an action *on the case* for an escape, even on *final* as well as on *mesne process*, the measure of damages is the actual injury received by the plaintiff; and it was to relieve creditors in this particular, that the *Statute of* 1 *Richard II. c.* 12, (*Schley,* 129,) was passed, giving an action of *debt,* wherein the measure of damages for the escape was neither more nor less than the debt. But the provisions of this Act are expressly restricted to " escapes of prisoners confined on *final* process," and, of course, has no application to the case under consideration.

I deem it unnecessary to refer to the *Statute of* 8 *and* 9 *William III. ch.* 27, (*Schley,* 297,) the sixth section of which forbids any special plea by the Sheriff, when sued for an escape, unless he will first make affidavit that the escape was without his consent. On the trial below, there was no demurrer to the plea, nor was this question, now urged for the first time in argument, ever made or adjudicated in the Superior Court. We cannot, therefore, take cognizance of it.

And this brings us to the examination of the Judiciary Act of 1799. The 49th section of this Act makes Sheriffs liable " to all suits, actions, penalties and disabilities whatever, which they, or either of them, may incur for or on account of the escape of any prisoners, in the same manner as they have heretofore been liable by laws in force in this State." *Prince,* 439. But by the laws before that time in force in this State, Sheriffs could only be made

liable for the *debt* of the plaintiff, in an action of *debt* for an es-
cape, on *final* process.

The 46th section requires the Sheriff to give bond in the sum
of $20,000, for the faithful performance of his official duty, by
himself and deputy ; and it farther provides, that this bond shall
remain in the office of the Clerk of the Superior Court of the
County for which the Sheriff is commissioned, and may be sued
for, by order of said Court, for the satisfaction of the public, or
persons aggrieved by the misconduct of the Sheriff or his deputy.
*Prince*, 430.

Now, the argument is, that the plaintiff has his election to bring
*debt* or *covenant*, for a breach of the bond ; and that if he elects
to bring *debt*, that he has the right, in analogy to the *Statute of
Richard*, to recover the whole amount of his demand. We can
not concur in this conclusion. Suppose the Sheriff levies on pro-
perty worth $200 only, by virtue of an execution for $1000, and
the property is lost, neither by the act of God or the public ene-
my, so as to charge the Sheriff and his securities on the bond with
its value, would it be pretended that in an action of *debt* on the
bond, the amount of the plaintiff's *demand* would be the measure
of damages? And yet this result is inevitable if the recovery is
to be regulated by the form of action or the *remedy*, instead of
the character of the process upon which the party escaping is
confined.

But the very language of the Act contravenes the plaintiff's
position. It purports to give *satisfaction* to the injured party, not
for his *debt*, but for the *misconduct* of the Sheriff. Whatever sum,
therefore, will cover that default, is necessarily the measure of
damages in every case.

But suppose the plaintiff bring *debt* upon the Sheriff's bond,
he must assign breaches, and even then he is not entitled to re-
cover damages on the breaches assigned, without proof of the
extent of the loss sustained. The recovery upon penal bonds
is in damages.

But the case of *Wolverton vs. the Commonwealth*, (7 *Serg. &
Rawl.* 273,) is relied on in support of the plaintiff's case. The
facts of that decision appear to have been misapprehended by
the learned and indefatigable counsel in the preparation of his
brief. He says, that it " was an action on the Sheriff's bond for
an escape on *mesne process*, and that it was held that the insolven-

cy of the party escaping, afforded the Sheriff no defence, as this circumstance could not affect the damages in an action of *debt.*" See *p. 5,. Brief.*

The facts of the Pennsylvania case were these: A *scire facias* was issued on a recognizance in the sum of $5000, entered into on the 16th of October, 1816, by Stephen Wolverton, Rufus S. Reed and Benjamin Wallace, to the Commonwealth of Pennsylvania, conditioned that Wolverton should perform the office of Sheriff for the County of Erie, for the next three years. The *scire facias* was for the use of Eli Hart and John Lay, trading under the firm of Hart & Co. and was returnable to December Term, 1817. It alleged generally a breach of the condition. The defendants pleaded generally, that Wolverton had well and truly performed all the duties of a Sheriff, faithfully executed all process, paid over all monies, &c. The plaintiffs replied, setting out a particular breach : That on the 1st of May, 1817, a certain Edwin Forbes was committed to the jail of the County, and in the custody of the said Sheriff, *by virtue of an execution issued by George Moore, a Justice of the Peace, at the suit of Hart & Co. for $117 77, on a judgment obtained by confession, pursuant to the Act of Assembly, and the Sheriff suffered Forbes to escape and go at large.* The defendants rejoined, denying that Forbes was in custody under the execution, but averring, that having applied for the benefit of the Acts of Insolvency, he had, at his examination, been committed under those Acts, *in a charge of fraud*, which the defendants insisted was a virtual discharge of his person, *under the execution.* The plaintiffs sur-rejoined, that Forbes was in custody under the execution, and on this issue was joined.

The remedy here was *scire facias* on the recognizance, and not *debt*, and the escape was upon *final* and not *mesne process.* The Court, under these circumstances, refused to admit evidence of the insolvency of Forbes—and we think rightfully—for while the Constitution of this State, and our Insolvent Acts passed in pursuance thereof, protect the person of the debtor from imprisonment, after he has *bona fide* delivered all his estate, real and personal, for the use of his creditors, yet if he be convicted of fraud or concealment, *he shall remain in custody.*

So far from this precedent being for the plaintiff in error, it is directly against him; for *Gibson*, Justice, in delivering the opinion of the Court, says : " The last point is the admissibility of evi-

dence to shew that Forbes was insolvent, which was offered to show the extent of the plaintiff's actual loss from the escape. *Such evidence would unquestionably be competent in an action for an escape on mesne process;* but imprisonment of the body on a commitment in execution, is in contemplation of the law full satisfaction of the debt, and a right of which the Sheriff cannot deprive the plaintiff without paying for it, not only its actual but its legal value.   This right is the creditor's property, and cannot be taken from him at a less price than the law has set upon it.   Such, in this respect, is the reasoning of the law, which, though artificial, is conclusive."

It is true, however, that cases are to be found in the Pennsylvania Reports, where the distinction here taken is recognized, viz: that the form of the remedy determines the measure of damages, and that where *debt* is brought on a Sheriff's official bond for the escape of a defendant, evidence of the insolvency of the debtor, at the time of the escape, is immaterial and inadmissible.   *Snyder vs. the Commonwealth,* 1 *Pennsylvania Rep.* 94.   3 *Barr. Rep.* 269.   But, to my mind, this doctrine is by no means satisfactory.   By the English Law, in an action of *debt* against the Sheriff for an escape under execution, the amount of the debt was the measure of damages; but in *debt* on a penal bond, the actual injury sustained is always the measure of damages.   The analogy growing, therefore, out of the *form* of the action, does not hold.

Upon this point, then, the case is clearly with the defendant in error, both upon principle and authority, as well in England as in this country.   For an escape on *mesne process,* whatever remedy is pursued, the actual amount of the debt has never been held to be the measure of damages.

[2.] The second exception is, as to the character of the testimony by which the Sheriff proposed to prove the insolvency of Cochran, the original debtor.   This point is thus stated in the record:  " Because a *fi. fa.* having been given in evidence against said Cochran, with a return, properly indorsed, of "*nulla bona,*" plaintiff objected to the evidence of witnesses as to their opinion and belief of said Cochran's solvency."

This objection comes, I would respectfully suggest, rather awkwardly from the plaintiff.   He complains that secondary and inferior testimony was adduced of the insolvency of Cochran, after

he himself had offered to the Jury the highest and best evidence of that fact, namely: the execution in his favor against Cochran, with the return of "*nulla bona*" thereon! And so far from attempting to controvert this entry, he says it was "*properly*" indorsed there!

What then if we should overrule the opinion of the presiding Judge, as to the competency of the witnesses who were objected to ; ought we, on that account, to remand the cause? We think not ; for here was, to say the least of it, presumptive or *prima facie* proof of the defendant's insolvency, submitted to the Jury by the plaintiff himself, and uncontradicted or rebutted by him, and which fully authorized the verdict which they found.

On general principles, however, we hold that the testimony was legal. It is true that the witnesses testify as to their belief, but they give the reasons upon which their opinion is based.

In *the Commonwealth vs. Thompson et al.* (3 *Dana's Rep*. 301,) the question was as to the liability of the Sheriff for taking insufficient security upon a replevin bond. The counsel there, as here, objected to that portion of the testimony which contained, as he thought, no more than the opinion of the witness. But the Court say, " After the witness had stated the fact that the sureties owned property exceeding in value the amount of their liability, his ' *considering*' them good, should be deemed to have been a deduction from the fact which he had thus affirmed, and as amounting only to this : that, having sufficient estate, he knew no reason why they were not good security; or, in other words, that he was unapprised of any indebtedness or other circumstance, which opposed the inference, from the fact that they owned sufficient estate." Chief Justice *Robertson* continues: " The testimony being competent, the Jury had a right to decide as to its just weight and influence. And although it was far from being conclusive, or even very persuasive, *against the deduction from the official return on the execution on the bond,* nevertheless it should, after a full and fair trial, be deemed sufficient to sustain the verdict for the defendants."

Much more will the testimony in this case, being competent and not *against,* but in corroboration of, the official return on the execution, of " *no property,*" be deemed, after a full and fair trial, sufficient to sustain the verdict for the defendants.

The same question came up before Chief Justice *Parker,* in *Griffin vs. Brown,* (2 *Pick. Rep.* 303,) who said, " As to objections

to parts of the depositions which had been struck out by the Judge of the Court of Common Pleas, on the trial there, we think they were properly restored at the trial in this Court, not being opinions merely, but reasons given for a fact which the witness had sworn to, or mere explanations of his testimony.   In one case, after the witness had stated that Herrick lived extravagantly and spent a good deal of money, he adds, from eight to ten hundred dollars, *as he verily believes.*   This is necessarily a matter of conjecture, and the fact that he lived expensively could only be illustrated by stating a sum which the witness thought the debtor spent.   At any rate, this is not a matter of sufficient importance to justify us in setting aside the verdict."

We consider it well settled, that in all cases a witness may give his opinion in evidence, in connection with the facts upon which it is founded, and as derived from them.

As it appears from the whole case, that the defendant is entitled to judgment, the judgment of the Circuit Court is affirmed.