## STRICKLAND v. RICHARDSON.

1. Where standing timber was sold, including all trees fourteen inches in diameter at a height of eighteen inches above the ground, in the absence of any provision in the contract as to the mode of making the measurement to ascertain such diameter, or of any statutory rule on the subject, the timber should be measured according to the standard in general use, if one be shown to exist.

2. Under a contract of the character just indicated, where there was evidence tending to show that the usual and ordinary method of measuring in the lumber business, in order to ascertain whether trees were fourteen inches in diameter, where they had been boxed for turpentine purposes, was to take the longer diameter, if the tree was not round, it was error to ignore entirely such evidence and charge the jury: "You take the diameter of the tree in as many ways as there are variances in the circumference, and add all those sums together and divide it by the number of diameters that you take, and the result of that would give the mean diameter of the tree."

3. A ground of a motion for a new trial which complained that the court allowed the testimony of a named witness to go to the jury, over objection on the ground that it was hearsay, and because the measurements testified about from memoranda were stated from hearsay, and were not made as contemplated by the contract, furnishes no ground for reversal, where much of the testimony of the named witness is admissible, and where he did not merely state the contents of the memoranda; and if any part of his testimony was inadmissible it was not pointed out in the motion.

DECEMBER 15, 1910.

Complaint. Before Judge Rawlings. Bulloch superior court. December 27, 1909.

*Johnston & Cone,* for plaintiff in error.

*H. B. Strange,* contra.

LUMPKIN, J. Richardson sold to Strickland the timber of a certain character on a described tract of land, including trees of which the stump measured fourteen inches in diameter eighteen inches above the level of the ground. Subsequently the seller brought suit against the buyer, claiming that the latter had cut trees not permitted by the contract. The defendant introduced evidence tending to show that the usual and ordinary method of measuring in the lumber business was to take the longer diameter, where the tree was not round; and that where pine trees had been boxed for turpentine purposes, this would change the normal diameter of the tree to some extent. The plaintiff obtained a verdict. The defendant moved for a new trial, which was denied, and he excepted.

33

1, 2. The evidence showed that certain timber was sold, including pine trees, which should measure fourteen inches in diameter eighteen inches above the level of the ground. It does not appear that the parties agreed to take a mean diameter, or that the diameter was to be arrived at in any particular mode. The court charged as follows: "You take the diameter of the tree in as many ways as there are variances in the circumference, and add all those sums together and divide it by the number of diameters that you take, and the result of that would give the mean diameter of the tree." He gave no charge in regard to the contention of the defendant or the evidence introduced in support of it tending to show that in the lumber business the customary mode of measuring in such cases was to take the longer diameter, and that this was specially true where pine trees had been boxed for turpentine purposes, thus cutting off a part of the tree on one side and changing the length of the diameter measured in that direction.

Diameter (from δια, through, and μετρον, measure) means primarily the measure through,—a right line passing through the center of a body, as a circle, conic section, sphere, cube, etc., and terminated by the opposite boundaries. As applied to a cylindrical body, it means the thickness of such body as measured on a diameter of a cross-section made perpendicular to the axis. Webster's Dictionary; Century Dictionary, word "Diameter." Where a body is not strictly cylindrical, but only approximately so, like most trees, it is evident that the diameters will not be exactly the same length. If the exact mean diameter is the one to be reached, the rule announced by the court would doubtless be a correct one. In the absence of statutory provision or contractual stipulation as to the mode of measurement, the timber should be measured according to the standard ordinarily prevailing, if shown. 19 Am. & Eng. Enc. Law (2d ed.), 546; 25 Cyc. 1560; Heald *v.* Cooper, 8 Me. 22; Sanderson *v.* Hagan, 7 Fla. 318; McIntyre *v.* Rodgers, 92 Wis. 5 (65 N. W. 503). The court erred in confining the jury to ascertaining the mean diameter, and ignoring the contention of the defendant and the evidence in support of it.

3. The exception to the admission of evidence is insufficient to present any specific ground for decision. It complains that the court allowed the testimony of a named witness to be introduced over objection that it was hearsay, "and because the measurements

testified about from memoranda not made by a witness was hearsay," and the measurements were not made as contemplated by the contract. Much of the evidence of the witness is clearly admissible. No particular part is set out as being subject to the objection made.          *Judgment reversed. All the Justices concur.*