### 9675.  ARMOUR FERTILIZER WORKS *v.* DASHER.

WADE, C. J.  1. It is complained that the judge erred in not confining his charge to the issues made by the pleadings, in that he injected into the case an issue as to whether or not the defendant paid the purchase-price of the fertilizer in question to one J. F. Stapler as the *agent* of the plaintiff, whereas the only issue between the parties, according to the pleadings, were whether the defendant purchased from Stapler as an *individual* the amount and brand of fertilizer described in the petition, and whether he paid Stapler therefor—there being no plea alleging that he made any payment to Stapler as the *agent* of the plaintiff. Although the pleadings do not raise the issue of agency (it being merely alleged that the fertilizer was purchased from and payment made to Stapler in his individual capacity), the charge of the court on this subject was not erroneous, in view of the defendant's admission in open court that the fertilizer in controversy was bought from Stapler as the agent of the plaintiff corporation, and that payment therefor was made to him in that capacity. It was not incumbent upon defendant to recast his plea in this particular.

2. The complaint that the charge of the court is too indefinite to make it clear whether the defendant admitted that he purchased the fertilizer from Stapler as agent of the plaintiff or as an individual is without merit.

3. There is no merit in any of the assignments of error complaining that the identity of the fertilizer alleged to have been paid for by the defendant was not established. This issue was fairly submitted to the jury, and there was evidence to sustain their finding that the payment made was for the particular fertilizer involved.

4. Certain testimony of the witness Jones was objected to as a whole; and since upon examination it appears that a part of it at least was admissible, under the repeated rulings of the Supreme Court and of this court the action of the trial judge in overruling the objection thereto will not be controlled. *Birmingham Lumber Co.* v. *Brinson,* 94 *Ga.* 517 (20 S. E. 437); *Sweeney* v. *Sweeney,* 119 *Ga.* 76 (3) (46 S. E. 76, 100 Am. St. R. 159·); *Strickland* v. *Richardson,* 135 *Ga.* 513 (3) ,(69 S. E. 871); *Great Southern Accident &c. Co.* v. *Guthrie,* 13 *Ga. App.* 288 (6), 292 (79 S. E. 162), and cases there cited; *Desverges* v. *Marchant,* 18 *Ga. App.* 248 (2) (89 S. E. 221).

5. The assignments of error objecting to portions of the defendant's testimony as being inhibited by the Civil Code, § 5858, are without merit. The destruction after its payment ·of the note given to the First National Bank was not a transaction with the deceased agent. See *Puryear* v. *Foster,* 91 *Ga.* 444, 448. And the other circumstances testified to by the defendant were independent facts, not involving any communication or transaction with the deceased agent.

6. There was evidence to support the verdict, the charge of the court fairly submitted all issues to the jury, and the numerous special assignments of error are without such substantial merit as to require a reversal.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED JANUARY 14, 1919.

Complaint; from city court of Valdosta—Judge Cranford. April 5, 1919.

*Franklin & Langdale,* for plaintiff.

*Patterson & Copeland, Whitaker & Dukes,* for defendant.