## 10158. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD v. WINN.

1. The assignment of error upon the overruling of the demurrer to the original petition, not having been argued in the brief of counsel for the plaintiff in error, is treated as abandoned.

2. The court did not err in excluding from the evidence a portion of the record of the coroner's inquest (held upon the body of the insured), containing testimony given at the inquest. This was offered for the purpose of showing that the death of the insured was caused by his own hand or act, and it was not admissible for that purpose. In civil actions, nowhere (except in England) is testimony given at a coroner's inquest competent proof of the cause of the death of the deceased. 3 Enc. Ev. 573 (2-B), 574, and cases cited in note 29; 13 Corpus Juris, 1255 (§ 34, par. 16), 1256, 1257 and notes 13, 14, 15, 16, 17; Queatham v. Modern Woodman, 148 Mo. App. 33 (7, 9, 10) (127 S. W. 651); Knights Templars' &c. Indemnity Co. v. Crayton, 209 Ill. 550 (8) (70 N. E. 1066); Grant v. Chicago &c. R. Co., 176 Ill. App. 292 (3). See also Supreme Council Royal Arcanum v. Quarles, 23 Ga. App. 104 (97 S. E. 557).

3. The court did not err in overruling the ground of the motion for a new trial which was based upon alleged newly discovered evidence. This evidence was cumulative in its character, and moreover was of such a nature as to show in itself that by proper diligence of the movant's counsel it could have become known to them before the trial, notwithstanding the conclusion stated in their affidavits that it could not have been discovered by the exercise of ordinary diligence.

DECIDED MAY 16, 1919.

Action on insurance policy; from city court of Savannah—Judge Freeman. October 4, 1918.

W. R. Hewlett, H. P. Cobb, for plaintiff in error.

W. B. Stubbs, contra.

BROYLES, P. J. This case has been passed upon by three different juries. The first trial resulted in a verdict for the plaintiff, and a new trial was granted by the trial court. Upon the second trial there was a mistrial. The third jury found in favor of the plaintiff; the court refused a new trial, and the defendant excepted.

Upon the trial now under review no exception is taken to the charge of the court, and no error of law appears. Under the pleadings the only issue was, whether the death of the insured was caused by his own hand or act, or, in other words, whether he committed suicide. While perhaps there was evidence which would have authorized a finding that he had intentionally killed himself, we can not hold, as a matter of law, that the evidence

was sufficient to overcome the presumption of law that he did not kill himself. or that his death was accidental. Moreover, "when an insurance company defends upon the ground of suicide, the burden is upon the company to establish such contention by a' preponderance of the evidence." *Mutual Life Insurance Co.* v. *Durden,* 9 *Ga. App.* 797 (1) ; 14 R. C. L., § 416, and cases cited.

In our opinion the court did not err in refusing to grant a new trial.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*