## 13937.   BUSH *v.* COWART & DANCER.

1. There being some evidence that the defendant consented to an increase in the rate of storage on cotton already stored in the plaintiff's warehouse, the exclusion of evidence relative to custom in this regard, as set out in the 4th special ground of the motion for a new trial, was harmless.

2. The 5th special ground relates to what W. J. Bush understood about the increase in the rate, and this could not affect J. S. Bush, the plaintiff in error in this case.

3. Under the holding that there was some evidence to show consent by the defendant to the increase in rate, and in view of the statement of counsel for the plaintiff in error in their brief, that " if the warehousemen are correct in their contention that they had a right to increase the charge on cotton already stored, the amount of the verdict as finally written off is probably correct, so that the court need not enter into any accounting," it is not necessary to pass on the 6th special ground, relating to interest.

4. There being some evidence to support the verdict, and no reversible error of law appearing, the motion for a new trial was properly overruled.

DECIDED APRIL 11, 1923.

Complaint; from Miller superior court — Judge Worrill.   September 6, 1922.

Certiorari was granted by the Supreme Court.

*Pottle & Hofmayer,* for plaintiff in error.

*P. D. Rich,* contra.

BLOODWORTH, J.   Cowart & Dancer brought suit against J. S. Bush on an open account for ginning, bagging, and ties, and storage on cotton owned by the defendant and deposited in the plaintiffs' warehouse from time to time over a period of years beginning in 1914 and ending March 3, 1921, when the warehouse and the cotton therein were burned.   Until January 1, 1917, the charge for storage was ten cents per month per bale, but in November, 1916, plaintiffs put a notice in the local paper that, commencing January 1, 1917, they would charge twenty-five cents per month per bale for storage.   The defendant knew of this increase in rate of storage, and permitted his cotton to remain in the plaintiffs' warehouse thereafter.   A judgment, including the increase in rate, was entered against the defendant.   He made a motion for a new trial, which was overruled, and he excepted. As stated by counsel for the plaintiff in error, " if the warehousemen are correct in their contention that they had a right to in-

crease the charge on cotton already stored, the amount of the verdict as finally written off is probably correct; so that the court need not enter into any accounting, and a decision of the legal questions will dispose of the case."

It is true that under the case of *Garmany* v. *Rust, 35 Ga.* 108, cited by plaintiff in error, and under the particular facts of this case, the charges on the cotton already stored could not be increased, unless the party storing it expressly or impliedly consented thereto. The question of whether or not the defendant consented to this increase is a question of fact for the jury, and if there is any evidence, however slight, upon which they could base a finding on this question, we are, under numerous decisions of this court and of the Supreme Court, powerless to interfere with their finding thereon. We are constrained to hold that there was " some evidence " upon which to base such a finding. The record shows that the plaintiff, in addition to publishing a notice of the increase, actually told the defendant that he would be charged at this increased rate on cotton stored previous thereto. Defendant stated, " I don't think it is right," and the plaintiff replied, " If you don't think it is right, your cotton is here." In the face of this, the defendant continued to keep his cotton in the plaintiffs' warehouse, and this evidence, which was admitted without objection, and his continuing to keep his cotton there, might have been construed by the jury as a consent to or acquiescence in the increased rate.

Furthermore, the record shows that in November, 1920, and before this cotton was burned, plaintiffs sued the defendant on this same account, including this increased rate, and the defendant on that occasion raised no issue as to the increase in rate, but pleaded that the account was not due because he had not presented his receipts and demanded his cotton. His answer in that case, which was introduced in evidence, alleged in part: " This defendant says that he has not presented the receipts or any of them, and has not demanded the cotton, and that while he recognizes that the plaintiffs have a lien upon the cotton for charges for storage and advances, under said agreement, as well as under the custom of the business, the charges are not yet due, and *for this reason* the defendant is not indebted to the plaintiff in any sum." (Italics ours.) In that case the trial judge granted a nonsuit. After

having invoked an adjudication in that case " for this reason," the defendant now in the instant case contends that the rate could not be increased. Regardless of whether or not the latter plea is contradictory of the former, and therefore estops the defendant from so pleading, we think the fact that the defendant answered the first suit for the storage of this cotton, which suit included the increase in rate of storage, without objecting to the increase, could be construed by the jury as showing that he consented to such increase. It was at least a circumstance that could have been considered by them. See, in this connection, *Gentry* v. *Barron*, 109 *Ga.* 172 (4) (34 S. E. 349).

Since the vital issue in the case is whether or not the defendant consented to the increase in the rate of storage, and since there was some evidence of such consent, we do not think that the court's refusal to admit the evidence as to custom relative to storage charge, as set out in the 4th special ground, was such error as to demand a new trial.

What W. J. Bush understood about the increase, as set out in the 5th special ground, is of no avail to J. S. Bush, the plaintiff in error in the case under consideration.

It being admitted that if the warehousemen had a right to increase the charge on cotton already stored, the court need not enter into any accounting, it is unnecessary to pass on the 6th special ground of the motion relating to interest on storage charges.

There being some evidence to support the verdict, which has the approval of the trial judge, and no reversible error of law appearing, the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*