*Deal & Renfroe,* contra.

---

### 16445. McSWAIN *et al. v.* ESTROFF.

1. In the trial of a claim case declarations of a defendant in execution, made after the pendency of litigation and prior to the time of levy, but at a time when she was not in possession of the property levied on, that she owned such property, are not admissible as evidence and of no probative value even if admitted without objection. *Nelson* v. *Brannon,* 32 *Ga. App.* 455 (1) (123 S. E. 735), and citations; Civil Code (1910), § 5776 (4).

   (a) Whether the criticism of the decision in the case of *Smiley* v. *Padgett,* 123 *Ga.* 39 (50 S. E. 927), made in *Smith* v. *Johnson,* 13 *Ga. App.* 837 (4) (80 S. E. 1051), is well founded, need not be here considered, since both of these decisions sustain the conclusion reached in this case.

2. The verdict in this case resting, as it does, solely upon testimony wholly without probative value, can not stand, even though no objection was interposed to the testimony when offered (see, in this connection, *Castlick* v. *So. Ry. Co.,* 116 *Ga.* 48, 42 S. E. 499), and the judgment of the trial court overruling the motion for new trial was error.

DECIDED JULY 14, 1925.

Levy and claim; from Toombs superior court—Judge Hardeman. March 17, 1925.

*Saffold & Sharpe,* for plaintiffs in error.

*Wimberly E. Brown,* contra.

LUKE, J. Defendant in execution was not in possession of the four bales of cotton levied on, at the time of the levy, and the plaintiff assumed the burden of proof. In its final analysis, the verdict

finding the property subject to the fi. fa. rested solely upon the testimony of a witness that the defendant in execution told him that the cotton in question was hers. This declaration was made after the rendition of the judgment in the main case, shortly before the execution based thereon had been levied on the cotton claimed, and not in the hearing of either of the two claimants. This evidence was admitted without objection. The gist of the claimants' evidence was that they were half-croppers of their mother, the defendant in execution, that there had been a final and complete division of the cotton raised by them between them and her, and that they owed her nothing for supplies.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*