16565.   KISER COMPANY *v.* BARBRE, trustee, *et al.*

1. "Even if testimony as to a certain fact be inadmissible under the application of the strict rules of evidence, its admission is not ordinarily a ground for setting aside the final judgment, if such fact be shown by other legal evidence to which no objection was made."

2. "The opinion of a witness may be given in evidence as to the insolvency of a party, provided it is accompanied by the facts upon which the opinion is founded."

(*a*) "Where testimony a part of which is admissible is objected to as a whole, it is not error to overrule the objection."

3. Where judgments on unsecured claims are rendered against an insolvent person within four months prior to an adjudication in bankruptcy, and property is levied on and sold under the executions, and the proceeds are not paid over to the judgment creditor, but remain in the hands of the sheriff, the proceeds pass to the trustee of the bankrupt as general assets.

DECIDED OCTOBER 6, 1925.

Money rule; from Calhoun superior court—Judge Custer.    May 2, 1925.

*E. L. Smith, Little, Powell, Smith & Goldstein,* for plaintiff in error.

*Lippitt & Burt,* contra.

BLOODWORTH, J.    On January 24, 1925, M. C. Kiser Company obtained in a justice's court six judgments against Mrs. Nannie Belle Wilkinson.    Executions were issued and levied by the sheriff on certain of her property, which he afterwards sold.    On February 12, 1925, Mrs. Wilkinson was adjudged a bankrupt.    In April, Barbre, as trustee in bankruptcy of Mrs. Wilkinson, brought a petition for a money rule, in which he alleged that as such trustee he was entitled to the funds in the hands of the sheriff.    The sheriff answered the rule, and M. C. Kiser Company filed an intervention, asking that it be awarded a sufficient amount of the funds in the hands of the sheriff to pay off the judgments in its favor.    After hearing the evidence the judge dismissed the intervention and awarded the funds, less certain costs, to the trustee in bankruptcy.    Kiser Company excepted to this ruling, and also to certain rulings of the court in admitting evidence.

1.    It is alleged that the court erred in admitting certain testimony of C. S. Barbre.    Even should we concede that the admission of this evidence is error, under the repeated rulings of this court and of the Supreme Court this error is not of such materiality as to require the grant of a new trial, because substantially the same evidence from the same witness was later admitted without objection.    *Terry* v. *State,* 15 *Ga. App.* 108 (3) (82 S. E. 635) ; *L. & N. Railroad Co.* v. *Lovelace,* 26 *Ga. App.* 286 (3) (106 S. E. 6), and citations.

2.    Citing *Crawford* v. *Andrews,* 6 *Ga.* 244 (2), as authority, the Supreme Court in *Moore* v. *Dozier,* 128 *Ga.* 96 (57 S. E. 112), said: "Where a witness knows and states facts in regard to the financial condition of a person, he may, in connection therewith and founded thereon or derived therefrom, state his opinion as to the insolvency of the person under consideration."    See *Cabaniss* v. *State,* 8 *Ga. App.* 129 (17), 145 (68 S. E. 849).    Moreover, the evidence objected to in the instant case was objected to as a whole, and at least a part of it was admissible, and "admitting all of such evidence affords no legal cause of complaint to the objecting

party." *Eckman* v. *State,* 23 *Ga. App.* 392 (98 S. E. 187); *Armour Fertilizer Works* v. *Dasher,* 23 *Ga. App.* 189 (4) (98 S. E. 105), and cases cited.

3. Where judgments on unsecured claims are rendered against an insolvent person within four months prior to an adjudication in bankruptcy, and property is levied on and sold under the executions, but the proceeds are not paid over to the judgment creditor, but remain in the hands of the sheriff, the proceeds pass to the trustee of the bankrupt as general assets. Section 67 (f) of the bankrupt act of 1898; 30 Stat. 565; U. S. Comp. Stat. 1901, p. 3450; Clark *v.* Larramore, 188 U. S. 486; *Ricks* v. *Smith,* 20 *Ga. App.* 491 (2) (126 S. E. 863 (2)). Under this ruling and the principle announced in the foregoing cases, this court will not say that the presiding judge erred in awarding the funds, less the costs, to the trustee in bankruptcy. Even though we should concede that the judge should not have stricken the intervention of Kiser Company, such error, under all the facts of the case and in view of the judgment rendered, does not require the grant of a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*