*J. J. Barge,* for plaintiff in error. *W. S. Northcutt,* contra.

---

16991. BANKERS TRUST & AUDIT CO. *v.* HANOVER NATIONAL BANK.

BELL, J. 1. An admission in the pleadings is to be taken as true, and the record should not be burdened with proof of the fact admitted. *Lovell* v. *Frankum,* 145 *Ga.* 106 (5) (88 S. E. 569). So an admission of a material fact in the defendant's answer is not ousted by an agreed statement of facts, made for the purpose of trial, and silent as to the fact so admitted in the answer.

2. A commercial corporation having the authority, expressly conferred by its charter, "to buy and sell, hold as investment, and otherwise deal and traffic in stocks, bonds, securities, and other obligations of other corporations of every kind whatsoever; to act as financial agent for the corporations, make financial connections and arrangements for same, and supervise and audit the accounts of same, and receive compensation therefor; to negotiate loans and arrange and obtain credits for individuals and corporations, and to receive compensation therefor; and in general to engage in all acts usual and convenient to the accomplishment of any one or all of the purposes therein set out," and "to aid in any manner any other corporation whose stock, bonds, or other obligations are held or.in any manner guaranteed by said corporation, and to do any other act or thing for the preservation, protection, improvement, or enhancement of the value of any such stocks, bonds, or other obligations, or to do any acts or things designed for such purposes," has the charter power to become a surety or accommodation indorser upon the note of another corporation in which it owns stock. The defense that an act was ultra vires will be sustained "only where an imperative rule of public policy requires it." *Towers &c. Ginnery Co.* v. *Inman,* 96 *Ga.* 506, 509 (23 S. E. 418); *Savannah Ice Co.* v. *Canal-Louisiana Bank & Trust Co.,* 12 *Ga. App.* 818, 826 (79 S. E. 45); *Dublin Fertilizer Works* v. *Carter,* 6 *Ga. App.* 835 (65 S. E. 1082).

3. If, under the provisions of the charter, the defendant could have become surety for another corporation only in case it received a consideration

---

Appeal and Error, 4 C. J. p. 1159, n. 30.

Corporations, 14a C. J. p. 299, n. 84; p. 300, n. 86; p. 315, n. 49; p. 583, n. 77; p. 729, n. 99 New; p. 734, n. 86; p. 741, n. 18.

Pleading, 31 Cyc. p. 333, n. 76.

Stipulations, 36 Cyc. p. 1292, n. 69.

for doing so, where the evidence showed that it had entered into a contract of suretyship for another corporation, a contention that the act was ultra vires would not be sustained in the absence of proof that the contract was entered into without compensation, the onus of proving this fact being upon the party asserting the defense. Civil Code (1910), § 5746.

4. Furthermore, even though a corporation has become surety upon the note of another corporation without any charter authority to do so, yet if, as appears in this case, it had the power under its charter to purchase the obligations of other corporations and to execute notes for indebtedness incurred in the conduct of its business, it could purchase the note upon which it illegally became surety, and its own note given for the purchase-money thereof would be a valid obligation. The mere fact that a note had been improperly signed by the company as surety would not outlaw it as property which the company was authorized to purchase and deal in.

5. In the trial of this action upon the note of a corporation given in renewal of its previous note for the purchase of a note (and the collateral pledged therewith) of another corporation, which last-mentioned note the defendant had originally signed as surety, the defendant's plea that its acts were ultra vires was not sustained, under the pleadings and the agreed statement of facts. The court properly rendered judgment in favor of the plaintiff.

6. It appears, however, that the judgment included an error against the defendant in the amount of the interest; and the judgment will be affirmed with direction that the court amend it by striking therefrom the excess of interest ($393.85).

*Judgment affirmed, with direction. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 20, 1926.

Complaint; from Jasper superior court—Judge Park. November 9, 1925.

*M. F. Adams, W. H. Key,* for plaintiff in error.

*Allen & Pottle,* contra.