# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## OCTOBER TERM, 1926

---

17096.   RICHARDS *v.* COWETA FERTILIZER COMPANY.

On the issue made by the claim interposed in this case, the schedule in bankruptcy of the defendant in execution, introduced for the purpose of showing declarations by him as to his ownership of the property levied on, was not without probative value.

If there was error in admitting the schedule in bankruptcy, it was harmless, in view of other evidence, offered for the same purpose and admitted without objection.

DECIDED OCTOBER 5, 1926.   REHEARING DENIED NOVEMBER 9, 1926.

Levy and claim; from city court of Carrollton—Judge Hood. December 29, 1925.

*Boykin & Boykin,* for plaintiff in error.

*Hall & Jones, Smith & Millican,* contra.

PER CURIAM.   1.   The verdict was authorized by the evidence.

2.   None of the grounds of the amendment to the motion for a new trial show cause for a reversal of the judgment below.

(*a*)   Some of the grounds are too defective to be considered by this court.

(*b*)   Ground 5 of the motion for a new trial shows that the plaintiff introduced in evidence the schedule in bankruptcy of R. E. L. Jones, the claim of homestead exemption. as made by Jones in his schedule, and the trustee's report setting aside the homestead as claimed.   This ground of the motion shows that the defendant's objections to all three of the documents referred

Appeal and Error, 4 C. J. p. 976, n. 92.
Executions, 23 C. J. p 601, n. 6.

1

exclusively to objections to the schedule in bankruptcy, and that no objection to the other two documents was presented to the judge. The only question raised by the ground, therefore, is as to the admissibility in evidence of the schedule in bankruptcy. Conceding, but not deciding, that the admission of this evidence was error, the error was harmless, since substantially the same evidence was introduced when the other two documents were admitted in evidence without any objections being made as to them. Under the particular facts of the case this evidence was not without probative value, and the ruling in *McSwain* v. *Estroff*, 34 *Ga. App.* 183 (1) (129 S. E. 16), that certain evidence admitted in that case was of no probative value, even though it was admitted without objection, is not applicable in this case. The two cases are easily distinguishable by their particular facts.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., not participating, on account of illness.*