## 17983.   Cowart & Dancer *v.* Bush.

BELL, J. 1. Where the owner of cotton placed it in storage with a warehouseman at an agreed or implied rate, "the charges on the cotton already stored could not be increased unless the party storing it consented expressly or impliedly thereto." *Bush* v. *Cowart*, 30 *Ga. App.* 138 (117 S. E. 104) ; *Montgomery* v. *Berry*, 31 *Ga. App.* 701 (121 S. E. 853) ; *Bush* v. *Cowart*, 157 *Ga.* 746 (121 S. E. 687).

(*a*) This is true notwithstanding the receipts issued for the cotton were negotiable and for this reason the warehouseman may have had no exact knowledge as to the ownership of the cotton at the time of the proposed increase in the storage rate. There was no presumption that the receipts were negotiated (*Hobbs* v. *Citizens Bank of Wrens*, 32 *Ga. App.* 522 (4), 124 S. E. 72) ; and furthermore, a bailee for hire not only has a lien for his charges on the thing deposited, but the bailor, in the absence of agreement to the contrary, continues to be personally liable for such charges, and it is not necessary "that the warehouseman should look to the cotton or to whomsoever the receipt for the cotton may have been transferred." *Garrard* v. *Moody*, 48 *Ga.* 96 (5).

2. Under the ruling in the preceding paragraph, the court did not err in instructing the jury that the plaintiff, who was suing for the difference between the old rate paid by the defendant and the new rate, which the defendant refused to pay, would not be entitled to recover without proof that the defendant consented either expressly or impliedly to the increase in the rate. The evidence did not demand a finding that the defendant so consented, and the verdict found in his favor on such issue was therefore authorized.

3. An error in the charge of the court on the subject of interest is harmless where the jury, on sufficient evidence, finds that the plaintiff is not entitled to recover the principal sum sued for. So, even assuming that the trial judge committed error in charging the jury that the plaintiff could not recover interest prior to demand for payment, the jury having found against the plaintiff's claim for the amount of the principal in controversy, such error will not require a new trial. *Howard* v. *Ga. Ry. & Power Co.*, 35 *Ga. App.* 273 (8) (133 S. E. 57).

4. Under the issues involved in this case, evidence merely that other warehousemen had simultaneously with the plaintiff increased their rates for the storage of cotton and that this fact was commonly known and discussed in the community where the parties resided and did business was irrelevant and was properly excluded. Whether the proffered evidence would have been admissible if it had included proof that such increase related, by general custom, to cotton already on storage need not be decided. See 40 Cyc. 450.

5. The account attached to the petition showed a credit of a certain sum which the defendant had paid, and the suit was to recover the balance. In the plaintiff's motion for a new trial error is assigned on the court's refusal to exclude from evidence a check which had been introduced by the defendant and by which he had made the payment on the account as stated. *Held:* While "An admission in the pleadings by

both parties is to be taken as true and the record should not be burdened by proof of the fact admitted" (*Lovell* v. *Frankum*, 145 *Ga.* 106 (5), 88 S. E. 569; *Bankers Trust & Audit Co.* v. *Hanover Nat. Bank*, 35 *Ga. App.* 619, 134 S. E. 195), the fact that the court allowed the check to remain in evidence in this case was not cause for a new trial. Each of the parties testified at some length touching the circumstances surrounding the payment, the fact of which, however, was not in dispute. This testimony was not objected to. Even if evidence of a certain fact be inadmissible under the strict rules of evidence, its admission is not fatal to the final judgment if the same fact be shown by other legal evidence to which no objection was made. *Kiser Co.* v. *Barbre*, 34 *Ga. App.* 447 (129 S. E. 887); *Richards* v. *Coweta Fertilizer Co.*, 36 *Ga. App.* 1 (135 S. E. 319). Furthermore, the defendant was not likely prejudiced by the evidence objected to, considered alone.

6. In the brief of counsel for plaintiff in error, there is no sort of reference to any of the grounds of the motion for new trial except the general grounds and special grounds 4, 7, 8, and 9. These have been dealt with in the preceding paragraphs, and in none of them is reversible error shown. Other assignments of error are therefore deemed to have been abandoned.

   *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

      DECIDED OCTOBER 13, 1927.

Complaint; from Miller superior court—Judge Yeomans. January 29, 1927.

*W. I. Geer,* for plaintiffs.

*N. L. Stapleton, Pottle & Hofmayer,* for defendant.