## 24085. GOODSON v. THE STATE.

GUERRY, J.  1. Assignments of error not argued or insisted upon in the brief of counsel for the plaintiff in error are treated as abandoned, and this court will not pass on such grounds. *Sovereign Camp of the Woodmen of the World* v. *Winn*, 23 *Ga. App.* 760 (99 S. E. 319); *Mack* v. *Felt*, 166 *Ga.* 705 (144 S. E. 203); *Crow* v. *Whitworth*, 170 *Ga.* 242 (152 S. E. 445); *Board of Education of Houston County* v. *Board of Trustees of Fort Valley Consolidated School District*, 170 *Ga.* 509 (153 S. E. 214); *Cowart* v. *Bush*, 37 *Ga. App.* 278 (139 S. E. 920).

2. It is provided by the act of 1924 (Ga. L. 1924, p. 193), § 2, that "any person who wilfully or maliciously, or with intent to defraud, sets fire to or burns or causes to be burned, or who aids, counsels, or procures the burning of any barn, stable, or other building, the property of himself or of another, not a parcel of a dwelling house, or any shop, storehouse, warehouse, factory, mill, or other building, the property of himself or of another, . . shall upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than ten years." Where the evidence for the State disclosed that the defendant was seen to have struck a match to set fire to a piece of paper and to have thrown it on the ground by a building used as a post-office, and that a flame immediately burst forth; that a few minutes thereafter flames were extinguished from the ground and off a few planks on the building; and that the odor of gasoline or kerosene was prevalent at the place of the fire, such evidence showed an actual setting of fire to the building, which was punishable under the above section and precluded any theory of *attempt* to commit the crime of arson under § 4 of the act referred to. See Penal Code, § 19.

3. The ground based upon alleged newly discovered evidence shows no cause for a reversal of the judgment, as the said evidence is impeaching in its character (Civil Code, § 6086); and the affidavits in support of the witness upon whose newly discovered evidence a new trial was sought failed to give the names of his associates. *Ivey* v. *State*, 154 *Ga.* 63 (6) (113 S. E. 175).

4. The evidence was amply sufficient to sustain the verdict of guilty. The verdict has the approval of the trial judge, and, no error of law being shown, this court must affirm the judgment.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED NOVEMBER 2, 1934.

*Julius Rink, Lewis R. Mitchell,* for plaintiff in error.

*James F. Kelly, solicitor-general, J. Ralph Rosser, Porter & Mebane,* contra.