## MACK v. FELT *et al.*

1. Assignments of error not argued or insisted on in the brief of plaintiff in error are abandoned.
2. The evidence authorized the verdict against a claim of prescriptive title based on permissive possession with payment of taxes for over thirty years, and against a presumption of title from the fact that the defendant's testator died in possession of the land to recover which the suit was brought.

No. 6267. AUGUST 16, 1928.

Partition. Before Judge Meldrim. Chatham superior court. July 21, 1927.

Julia Felt and others, suing as heirs at law of Fannie Felt, deceased, instituted statutory proceedings under the Civil Code (1910), § 5358 et seq., for partition for described realty. The petition named as defendants a person who was alleged to be a child of a deceased child of Fannie Felt, and Georgia Mack who was alleged to be the widow and sole legatee under the will of Thomas Mack, another deceased child of Fannie Felt. It was alleged that the parties named inherited the property as heirs at law of Fannie Felt, deceased, and that the land is now in possession of Georgia Mack, who is asserting sole ownership thereof. Georgia Mack did not file an answer, but appeared and entered into a trial of the case, in the course of which the attorneys made the following stipulations: "That Thomas Mack, husband of Georgia Mack, was in

45

possession of the above property for over forty years up to the time of his death in 1923, and since said time said property has been in the possession of Georgia Mack. That Thomas Mack made a will leaving all of his estate to Georgia Mack, and that under said will Georgia Mack continued in possession of the property. That Thomas Mack and Georgia Mack have continuously paid the taxes due on the property and exercised all rights of ownership, and the two have been in possession of the property mentioned and described in the petition filed in this case for over forty years without molestation on the part of any one. That during all this time they claimed rights of ownership in the manner above indicated, and no one made any claim to the contrary. That in the present litigation there is but one issue to be determined, and that is who is the owner of the property. That this issue will be submitted to the deliberation of a jury for their decision; and that in the event the jury finds for the plaintiffs, that the sale of the property hereinbefore contracted to be made to Mr. Lane shall be ratified to all the parties hereto, and the money divided in accordance with the finding of the jury." Julia Felt, a daughter of Fannie Felt, deceased, as a witness for the plaintiffs testified on direct examination that Thomas Mack was a child of Fannie Felt, but on cross-examination testified: "He was the child my mother and father raised, because my father made me brother with this boy, Thomas. I know this because my father told me so, and my grandmother told me. My mother was dead. I had no one to tell me but my grandmother and my father. I did not claim possession of this place, because me and my brother and sister and we talk over the matter to ourselves, because we say that this place was our mother's own. Me and him talked together. I took no steps until he died, because me and my brother got along together. My brother been staying there with my mother and father, on that land. My mother and father bought the land together, and my brother been staying on the place and my father says, 'Boy, me and your father is first cousins.' After the death of my mother my brother stayed on the place." There was other evidence to the effect that Fannie Felt had purchased the land in 1875 from Mrs. Mayer, and that no deed appears of record out of her. Georgia Mack testified that she married Thomas Mack about thirty-five years ago, and had lived with him on the property up to the time of his death, which occurred about two years before

the trial, and during all those years she never heard of any claim to the property by the plaintiffs until recently before institution of this suit. A verdict was returned for the plaintiffs. The defendant's motion for new trial was overruled, and she excepted.

*Robert L. Colding, H. Mercer Jordan,* and *Alexander A. Lawrence,* for plaintiff in error.

*Raiford Falligant,* contra.

HILL, J. 1. The special grounds of the motion for new trial are not argued or insisted upon in the brief of the attorneys for the plaintiff in error, and will be treated as abandoned.

2. The defendant claims as sole legatee of her deceased husband, Thomas Mack, who died in possession of the land. The uncontradicted evidence showed that he had been in actual possession for more than thirty years at the time of his death, paying taxes thereon; but the evidence authorized a finding that his possession originated permissively and by consent of the heirs at law of Fannie Felt, under whom the plaintiffs claim, and that the possession of Thomas Mack was permissive throughout his life and at the time of his death, which was less than seven years before the institution of the suit. In these circumstances the jury was authorized to find against a prescription based on such possession, and against a presumption of title based on the fact that Thomas Mack died in actual possession of the property. In this view the evidence was sufficient to support the verdict for the plaintiffs, and there was no error in refusing a new trial on motion based on the general grounds.　　　*Judgment affirmed. All the Justices concur.*