## TOOMBS v. CITIZENS BANK OF WAYNESBORO.

116

No. 6876. SEPTEMBER 24, 1929. REHEARING DENIED OCTOBER 5, 1929.

*W. A. Slaton,* for plaintiff in error. *Earle Norman,* contra.

*Erwin, Erwin & Nix* and *W. W. Armistead,* for persons interested, not parties of record.

HINES, J. ■ The Citizens Bank of Waynesboro was chartered on February 2, 1898, under the act of December 20, 1893, which provided a general method for the incorporation of banks by the secretary of State. Acts 1893, p. 70; Civil Code (1910), §§ 2262 et seq; 9th Annual Report of Department of Banking, p. 170. Stockholders in a bank chartered under this act were made liable for all of the debts of the bank to the extent of their unpaid shares of stock, and were further additionally made individually liable equally and ratably, and not one for another as sureties, to depositors of said bank for all moneys deposited therein, in an amount equal to the face value of their respective shares of stock, it being the true intent and purpose of said act that, as to depositors of all moneys deposited in said banks, there should be an individual

liability upon the stockholders therein over and beyond the par value of their original shares of stock, equal in amount to the face value thereof. Acts 1893, pp. 70, 72; Civil Code (1910), § 2270.

■ The above liability of stockholders to depositors of this bank was not repealed by section 1 of article 21 of the general banking act of 1919 (Acts 1919, pp. 135, 222), which provides that "This act shall take effect from and after the 1st day of January, 1920, and shall then supersede all existing laws regulating banks and banking in this State." The language, "shall then supersede all existing laws regulating banks and banking in this State," can not properly be construed as relieving stockholders in a bank from a liability imposed upon them by the general act of 1893, under which it was chartered.

■ By the act of December 16, 1895, it is provided that "when the bank examiner or assistant bank examiner finds that the capital stock of any bank chartered under the laws of this State has become impaired or reduced from losses or any other source, the bank examiner shall require such bank to make good its capital stock so impaired or reduced, by a transfer from its surplus or undivided profits . . to the capital stock [of] a sum sufficient to make good such impairments or reductions; and if there is no surplus or undivided profits, or not enough to make good' said capital stock, then by an assessment upon the stockholders thereof." Acts 1895, p. 58; Civil Code (1895), § 1926. This act having been passed prior to the grant of the charter of the Citizens Bank of Waynesboro, its terms must be read into the charter thereof; and its stockholders were thereby made liable for assessments to make good the impairment or reduction of its capital stock under the circumstances stated therein. Besides, this liability of stockholders in a bank to make impairment of its capital stock good has been continued in the subsequent acts regulating banks and banking in this state. Acts 1907, p. 85; Civil Code (1910), § 2291; Acts 1919, pp. 135, 152; Acts 1925, pp. 119, 125.

■ Sections 1, 2, and 3 of article 6 of the act of August 16, 1919, creating the department of banking (Acts 1919, pp. 135, 152), as amended by the act of August 26, 1925 (Acts 1925, pp. 119, 126), are not unconstitutional and void because they violate the due-process clauses of the State and Federal constitutions, in

cases when assessments are made against stockholders under section 1 of said article, and suit is brought under section 2 thereof to recover such assessments, as the stockholder can set up any legal defense which he may have to the suit for the collection of said assessment. Whether so much of section 2 of said article which gives to the directors of such bank the right to sell to the highest bidder, at public outcry for cash, a sufficient amount of the stock of such stockholder to recover the assessment, after giving previous notice of such sale, as therein provided, where the stockholder refuses or neglects to pay the assessment, is unconstitutional because it violates the due-process clauses of the State and Federal constitutions, is not now for decision.

■ By section 6 of article 7 of the act of August 16, 1919 (Acts 1919, pp. 135, 156), it is provided that after the superintendent of banks has taken possession of any bank, he may permit such bank to resume business upon such conditions as may be approved by him. The Citizens Bank of Waynesboro became insolvent and was taken charge of by the superintendent of banks, who levied an assessment of 100 per cent. on the stockholders. The capital stock of the bank was $25,000. The impairment of its capital amounted to $55,422.76. Certain depositors agreed to write off from their claims against the bank the sum of $30,422.76, leaving the impairment of the capital equal to the capital stock. The superintendent of banks, having issued executions against the stockholders for 100 per cent. of their stock, agreed to withdraw this assessment and turn the bank over to its stockholders, provided they would levy an assessment sufficient in amount to cover the impairment in the capital, which was equal to 100 per cent. of the stock. On October 23, 1926, a stockholders' meeting was held, at which 136 of the 250 shares of the stock of the bank were represented, and an assessment of 100 per cent. of the capital stock was levied, as set out in the petition in this case. The superintendent of banks then canceled his assessments and the executions issued therefor. We hold that the stockholders' assessment to restore the impaired capital of the bank was not improvident under these facts, as such assessment restored the capital of the bank.

■ The writing off by certain depositors of $30,422.76, due by the bank to them on deposits, to enable this bank to continue business, was not illegal for any reason appearing from the record.

126

■ Other assignments of error are not argued or insisted upon in the brief of counsel for the plaintiff in error, and for this reason they will be treated as abandoned. *Mack* v. *Felt,* 166 *Ga.* 705 (144 S. E. 203). The question whether stockholders in a bank who have been once assessed to restore its impaired capital stock can again be assessed for such purpose is not now for decision. Applying the principles above ruled, the court did not err in overruling the demurrer to the petition, and in rendering judgment for the plaintiff, under the pleadings and an agreed statement of facts.

■ The former judgment of this court in this case, reversing the judgment of the court below, having been withdrawn for further consideration, the same is hereby set aside. In rendering such former decision this court overlooked the act of 1895, which subjected the stockholders of this bank, which was chartered after the passage of said act, to an assessment to restore its impaired capital stock.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., dissenting.*