20895. MATHERS *v.* CITIZENS BANKING COMPANY OF EASTMAN.

JENKINS, P. J. 1. Under the provisions of both the old and the new banking laws, any bank may place its assets and business under the control of the superintendent of banks by posting on its front door a notice indicating that the bank is in the hands of the superintendent of banks, which notice shall be signed by a majority of the directors of the bank in their own handwriting. Civil Code (1910), § 2290; Ga. L. 1919, art. 7, § 2, pp. 135, 155; Michie's Code (1926), § 2366 (53). "The posting of such notice by the directors, or the taking possession of any bank by the superintendent of banks, shall be sufficient to place all assets and property of such bank, of whatever nature, in possession of the superintendent of banks, and shall operate as a bar to any attachment or any other legal proceeding against such bank or its assets." Ga. L. 1919, art. 7, § 3, pp. 135, 155; Michie's Code (1926), § 2366 (54).

2. When the superintendent of banks has so taken possession of any bank, whether under a voluntary surrender of the bank's affairs into his hands, under the provisions of article 7, § 2, of the banking act, or by action on his own part under the provisions of article 7, § 1, of the banking act, he "may permit such bank to resume business upon such conditions as may be approved by him. When necessary, in order to make good an impairment of capital, the stockholders, with the approval of the superintendent, may levy a voluntary assessment on the stock-

holders as provided in article 7 [6], the amount of the assessment to be fixed by the superintendent." Ga. L. 1919, art. 7, § 6, pp. 135, 156; Ga. L. 1927, pp. 195, 197.

3. That part of the general banking act of 1893, as amended by the act of 1895 (Ga. L. 1893, p. 70, Civil Code (1910), § 2262 et seq; Ga. L. 1895, p. 58, Civil Code (1895), § 1926), which renders stockholders of a bank chartered under the provisions of the act of 1893, as amended, liable to assessment in order to make good an impairment of the capital stock of the bank was not repealed by the banking act of 1919, but such liability has been continued in the acts regulating the business of banking enacted since the general act of 1893, and in the banking act of 1919. *Toombs* v. *Citizens Bank*, 169 *Ga.* 115, 124 (149 S. E. 645); *Edwards* v. *Smyly*, 170 *Ga.* 487 (153 S. E. 184). The liability thus imposed may be enforced by a sale of a sufficient amount of the stock of the defaulting stockholder, or, at the option of the bank, by a suit at law against the stockholder. Ga. L. 1925, pp. 119, 126, art. 6, § 2.

4. In the instant suit by a bank against a defaulting stockholder, where it appeared from the allegations of the petition that the plaintiff bank had been put into the hands of the superintendent of banks by the posting, by the directors, of the notice referred to in the first division of the syllabus; that the superintendent of banks had thereafter, by a communication to the directors of the bank imposed certain conditions upon which he would permit the bank to resume business; that the conditions imposed had thereafter been modified so as to provide for an assessment of fifty per cent. upon the stockholders to make good the impairment of the capital; that at a meeting of the stockholders held pursuant to such notice from the superintendent a voluntary assessment of fifty per cent. had been voted by a majority of all the shares outstanding, and that the superintendent thereafter approved the action taken by the bank and formally permitted it to resume business, a cause of action was set forth against a stockholder who had failed to pay the voluntary assessment levied.

(a) The fact that the modification of the original conditions imposed by the superintendent of banks was signed by the assistant superintendent of banks would not change the rule, where it appears that the superintendent thereafter approved the action taken by the stockholders and permitted the bank to resume business, since his action in so doing amounted to a "fixing" by him of the assessment to be made upon the stockholders.

(b) The petition was not subject to demurrer because it failed to set forth insolvency on the part of the bank by alleging in detail the indebtedness owing by the bank and the value of the assets held by it.

(c) Upon the trial it was not necessary for the plaintiff to show the necessity for the assessment against the stockholders, fixed by the superintendent of banks. If the assessment was not necessary, it was a matter of defense, to be set forth by the defendant. See, in this connection, Ga. L. 1925, pp. 119, 129; *Latimer* v. *Bennett*, 167 *Ga.* 811 (4) (146 S. E. 762); *Mobley* v. *Goodwyn*, 39 *Ga. App.* 64 (146 S. E. 28).

5. Where, after the assessment of the stockholders of a bank, as directed by the superintendent of banks, a sufficient sum was paid in by third persons to make up the amount required by the superintendent of banks to

262

be raised from stock assessment in order that the bank might resume business, under a contract with the bank by which the bank agreed to press the collection of such stock assessments against the stockholders who had failed to pay their assessments, and upon the collection of such assessments to pay the same over to the persons advancing such funds, the contract did not operate as an assignment of such stock assessments by the bank, or deprive the bank of the right to sue defaulting stockholders thereon. *Edwards* v. *Smyly*, supra.

(a) Such a contract did not render the assessment payable to the persons advancing the funds.

(b) The court properly admitted in evidence the testimony of the cashier that the assessment of the defendant had not been paid.

6. The evidence adduced on behalf of the plaintiff proved the case substantially as laid in the petition, and, no evidence having been offered on behalf of the defendant, the court properly directed a verdict for the plaintiff. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 20, 1931.

*Jones, Fuller, Russell & Clapp, C. N. Davie, J. F. Kemp,* for plaintiff in error.

*J. Herman Milner, Walter A. Sims,* contra.