27621.  DOBBS, administrator, *et al.* v. FEDERAL DEPOSIT INSURANCE CORPORATION *et al.*

DECIDED DECEMBER 5, 1939.  REHEARING DENIED DECEMBER 19, 1939.

*C. M. Dobbs, McElreath, Scott, Duckworth & DuVall,* for plaintiffs.

*Ellis G. Arnall, attorney-general, Hooper & Hooper,* for defendants.

STEPHENS, P. J.  W. M. Dobbs, as administrator of J. E. Dobbs, and A. A. Irwin filed suit against Merchants & Farmers Bank, R. E. Gormley, superintendent of banks, and Federal Deposit Insurance Corporation, alleging that on July 22, 1935, Gormley as superintendent of banks took charge of Merchants & Farmers Bank, and since then has been in custody and control of its assets; that the plaintiffs are each creditors of Merchants & Farmers Bank, having certain deposits therein when it was closed, and having a prior lien on the assets of the bank; that the defendants have paid all depositors except themselves and five others; that the plaintiffs have filed particulars of their claims with the defendants, of which a copy is attached to the petition.  By amendment the plaintiffs alleged that Merchants & Farmers Bank was chartered by the Secretary of State in the year 1911; that on Janu-

ary 1, 1934, Federal Deposit Insurance Corporation insured the deposits in the bank, which insurance continued up to the day the bank was closed and taken over by the superintendent of banks on July 22, 1935; that at the time the bank was closed and taken over by the superintendent of banks each of the plaintiffs was a stockholder in the bank, the par value of their stock being more than the amount of their respective deposits; that the deposits were assigned to Federal Deposit Insurance Corporation which holds these assignments and has never paid them. They prayed for a judgment against Federal Deposit Insurance Corporation for the amount of the deposits with interest, and for a judgment against the superintendent of banks for the amounts due in so far as the same can be collected out of the assets in his possession. By further amendment the plaintiffs alleged that "the charter of the defendant, the Merchants & Farmers Bank, was amended on June 2, 1934, and by said amendment to said charter the capital stock of said bank was reduced from $50,000 to $25,000."

Federal Deposit Insurance Corporation demurred to the petition on the ground that it set forth no cause of action against it, and on the ground that the petition alleges that the bank was chartered in 1911 under the general banking act of 1893 which created a liability upon the stockholders of the bank in favor of the depositors in an amount equal to the par value of the stock held by each stockholder; that the par value of the stock owned by each of the plaintiffs is greater in amount that the amount of their deposits in the bank, and therefore the plaintiffs can not recover the amounts of their deposits unless they pay in an amount equal to the stock owned by them, and that this defendant as insurer of the deposits can legally withhold against such claims as depositors have the amount owing by them as stockholders; and also on the ground that it was not alleged that this defendant had received by way of dividends from the assets of the bank a sum in excess of the liability of the bank to this defendant for the amounts paid out by it as insurer to the depositors, and that it was not alleged that the assets will be sufficient to pay this defendant any sum in excess of the amount it may receive from the superintendent of banks as dividends and for which it could be held accountable to the plaintiffs. The same defendant demurred "to the amendment filed by the plaintiffs touching the amendment to the charter of

the Merchants & Farmers Bank on the ground that such amendment is immaterial and of no legal effect in this cause." The court passed an order sustaining the demurrers to the petition as amended and dismissing the action. The plaintiffs excepted.

This case was made returnable to the Supreme Court on the ground that the petition was brought in equity. The Supreme Court decided that it was not a case in equity, and transferred it to this court. *Dobbs* v. *Federal Deposit Ins. Cor.*, 187 *Ga.* 569 (1 S. E. 2d, 672).

■ The plaintiffs contend that the court erred in sustaining the demurrers of Federal Deposit Insurance Corporation for two reasons: First, that the banking act of 1919 superseded the act of 1893, supra, with the result of relieving them of the double liability imposed on stockholders by the act of 1893. This contention is not sustainable because the Supreme Court has decided that the double liability on stockholders of banks chartered under the act of 1893 was not affected by the provisions of the act of 1919. *Toombs* v. *Citizens Bank*, 169 *Ga.* 115 (2) (149 S. E. 645); *Butler* v. *Mobley*, 170 *Ga.* 265 (6) (152 S. E. 329). See also *Bank of Norman Park* v. *Colquitt County*, 169 *Ga.* 534 (5) (150 S. E. 841). Counsel for the plaintiffs refer to the act of 1935 (Ga. L. 1935, p. 103), which undertakes to abolish the statutory double liability on stockholders of banks. But it will be noted that the Code, § 13-1901, as amended by the act of 1935, supra, defining stockholders' liability begins with the words "a bank incorporated under this title shall be responsible to its creditors." Under the act of 1935 stockholders in banks incorporated under the act of 1919 were relieved of the double liability on their stock, but stockholders in banks created under the general banking law of 1891 and 1893 were not so relieved. Ga. L. 1891, p. 172, Ga. L. 1893, pp. 70, 72. The bank here dealt with was incorporated in 1911 under the general banking act of 1893. The act of 1937 (Ga. L. 1937, p. 429), which relieves stockholders of banks organized under the general law of 1891 and 1893, supra, as well as those of banks incorporated under the act of 1919, does not apply to this case because the bank here was closed in 1935 before the act of 1937 was passed.

■ The second ground on which it is contended that the demurrers should have been overruled is based on the fact that the

charter of the bank was amended in 1934, and thereby by implication the charter of Merchants & Farmers Bank was amended so as to do away with the double liability of its stockholders. However, the amendment pleaded simply reduced the amount of capital stock from $50,000 to $25,000. The Code, § 13-1001, provided that a bank may amend its charter "so as to change its corporate name, or the city, town, or village in which its office is located, or the amount of its capital stock, or the number of shares into which its capital stock is divided, so as to change the par value thereof to $100 each," etc. There is no power in the bank to amend its charter so as to abolish the double liability of its stockholders. It is contended that the Code, § 2-2503, touching the amendment of charters, gives to the amendment pleaded the effect of bringing it under the terms of the general banking law, or the statute of 1935 already cited. This contention can not be sustained because the section of the constitution provides that the amendment of a charter "shall operate as a novation of said charter and shall bring the same under the provisions of this constitution." This constitutional provision has no application to this case. The plaintiffs in error also refer to the case of *Gormley* v. *Searcy,* 182 *Ga.* 675 (186 S. E. 737), which is not in point for the reason that that case was of a bank with a special legislative charter which was renewed by the Secretary of State "for the space of 30 years, as to all parts thereof not in conflict with the constitution and laws now or hereafter of force in this State." The renewal of a charter is virtually the grant of a new charter. There was no error in sustaining the demurrers of Federal Deposit Insurance Corporation. *Judgment affirmed. Sutton and Felton, JJ., concur.*